# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DEBBIE SINGLETON, on behalf of
herself and others similarly situated,

    PLAINTIFF,

vs.                                                    CASE NO. CV 12-J-255-S

BP AMOCO CHEMICAL COMPANY,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion to dismiss or alternatively, motion for summary judgment (doc. 10), a memorandum in support of said motion (doc. 9), the plaintiff's opposition (doc. 15), and the defendant's reply (doc. 16). Having considered the motion, response, reply, and the other pleadings filed to date, the court finds as follows:

### Factual Background

In her complaint, brought on behalf of herself and others similarly situated, the plaintiff alleges that she is a female who was an employee of the defendant at its Decatur, Alabama, facility from 1995 until 2009, when she resigned and received a severance package. Complaint, ¶¶ 1, 5, 10. In September 2010, the plaintiff returned to work for the defendant as a contract employee, doing the same work she had done

previously and the same work others employed by defendant as Process and/or Operations Technicians performed. Complaint, ¶¶ 11-12. In November 2010 the plaintiff applied for a permanent position as a process and/or operations technician.[1] Complaint, ¶ 14. She asserts that she met the requirements for this job, that candidates who did not meet the requirements did not continue in the selection process for this job, and that the requirements "*discouraged a class of female applicants from applying for Operations and/or Technician positions...*" Complaint, ¶¶ 16-18 (emphasis added).

The plaintiff continued in the selection process to the "WorkKeys" test, and passed one section, but did not pass the other. Complaint, ¶¶ 19, 24. Because she was unable to pass one section of the required testing, she was not rehired as a permanent employee. Complaint, ¶ 26.

During the pendency of the plaintiff's EEOC charge, filed April 27, 2011, the defendant dispensed with the "WorkKeys" test and instituted testing more closely aligned with the actual knowledge needed for the job in question.[2] Complaint, ¶¶ 28-30. The plaintiff took the new test, passed it, and as of the time of filing her

---

[1] In her EEOC charge, the plaintiff alleges she applied for this position in January 2010. She explains that she thereafter took the WorkKeys test "numerous times" since January 2010 and had not been able to achieve the necessary score.

[2] The plaintiff actually brings this action against all three of defendant's facilities although she only applied for the position at the Decatur, Alabama, facility.

2

complaint, was awaiting an interview for a permanent position. Complaint, ¶ 31. Based on these allegations, the plaintiff seeks to bring a class action on behalf of "female applicants and discouraged female applicants who have been subjected to one or more aspects of ... systematic gender discrimination" by defendant. Complaint, ¶ 36. The plaintiff seeks declaratory and injunctive relief, as well as back pay, front pay, and punitive and other damages, pursuant to Title VII and 42 U.S.C. § 1981a.

The defendants assert that the plaintiff's claim pursuant to 42 U.S.C. § 1981a is due to be dismissed because that code section fails to provide an independent cause of action. The defendant also asserts that the plaintiff lacks standing to challenge any employment practice of the defendant other than the WorkKeys test, that the plaintiff lacks standing to challenge practices at any of defendant's facilities other than the one in Decatur, Alabama, that she lacks standing to seek injunctive relief, and that she lacks standing to represent a class of "discouraged" female applicants.[3]

---

[3] As a general rule, the district court must "limit[ ] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (internal quotation marks omitted). If the parties present evidence outside of the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into a motion for summary judgment. *See* Fed.R.Civ.P. 12(b)(6); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir.1984).

Although several documents were attached to the defendant's motion, the court does not at this juncture convert this motion into one for summary judgment. Documents referenced in a complaint that are central to the claim asserted may be considered if the contents are not in dispute and the defendant attaches the document to a motion to dismiss. *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir.2007). The EEOC charge, submitted by the plaintiff as an attachment to the complaint, and by the defendant as an attachment to its motion, clearly falls into this category. The declaration of Renice Campbell does not. Although the court informed the parties by Order dated March 5, 2012, that it would consider all evidence submitted by either party, the court finds this motion is properly considered as one for dismissal, and not

**Standard of Review**

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(same).

**Legal Analysis**

*A. Standing*

The majority of the defendant's motion challenges the plaintiff's standing to brings the above detailed claims.

---

summary judgment. Therefore, the court has not considered the declaration of Renice Campbell in considering the defendant's motion.

The plaintiff seeks to represent a class of women not hired by the defendant because of discriminatory hiring policies and procedures.[4] *See e.g.*, plaintiff's response, at 3. She asserts she has suffered the injury alleged, namely that she was denied employment by defendant as a result of its discriminatory hiring practices.[5] *Id.* Her EEOC charge alleges that "females fail to pass that test in a disproportionate rate as compared to males," that the test excludes females from employment at BP, and that BP is aware of this impact and uses the test intentionally for this purpose. The plaintiff adds that one woman that did pass the test was not hired because she interviewed poorly, but this woman also worked for defendant for 14 years.

The defendant challenges plaintiff's ability to represent such a class based on

---

[4] The plaintiff's proposed class is ill-defined both in the complaint and the opposition to the defendant's motion. In her complaint, the plaintiff states the class "consists of female applicants and discouraged female applicants who have been subjected to one or more aspects of the systematic gender discrimination ... which includes defendant's selection procedures." Complaint, ¶ 36. In her opposition to the motion to dismiss, the plaintiff seems to limit the definition to "women excluded from Operator Positions at BP Amoco" because of the disparate treatment and disparate impact on women applicants and would-be applicants for Operator Positions. Opposition, at 5-6.

[5] The plaintiff does not specifically allege a time period during which she was denied employment. She pleads in her complaint that she was employed by defendant from 1995 to 2009, so she could not have been denied employment then. *See* Complaint, ¶ 10. Approximately one year later, the plaintiff was again working for defendant as a contract employee. *Id.*, ¶ 11. She does not allege that her employment as a contract employee has ended. Rather, she asserts she applied for a permanent position, that she did not pass the testing requirements, she has since passed the requirements, and as of filing the complaint, had an interview for a permanent position. *Id.*, ¶¶ 14,24,31. Her EEOC Charge states the discriminatory practices took place from "January 2010 and continuing." However, the EEOC charge also references her application for a permanent position as a Chemical Technician, in January 2010, while her complaint asserts her application for a permanent position as a Process Technician and/or Operations Technician, in November 2010.

standing, asserting the plaintiff's only injury stems from the failure to pass one section of the WorkKeys test. Defendant's brief, at 13. The plaintiff responds that this is a much too narrow view of the standing requirement, and that her injury in fact is the adverse employment action which resulted from the failure to pass the test. Plaintiff's response, at 4.

The Eleventh Circuit has held that for standing, the plaintiff necessarily is limited to "the issues as to which [the employee] is aggrieved." *Griffin v. Dugger,* 823 F.2d 1476, 1493 n. 37 (11th Cir.1987)(quoting *Oatis v. Crown Sellerbach Corp.*, 398 F.2d 496, 499 (5th Cir.1968)(citing to Title VII's enforcement provision that requires the EEOC to investigate the charges of a person claiming to be aggrieved, 42 U.S.C. § 2000e-5(a))). Each claim asserted by a named plaintiff "'must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.'" *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1280 (11th Cir.2000) (quoting *Griffin*, 823 F.2d at 1483).

"The mere fact that an aggrieved private plaintiff is a member of an identifiable class of persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf all possible claims of discrimination against a common employer." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147,

6

159 n.15, 102 S.Ct. 2372, n.15 (1982). *Falcon* thus holds that the existence of a valid individual claim does not necessarily warrant the conclusion that the individual plaintiff may successfully maintain a class action. *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 877-878, 104 S.Ct. 2794, 2800 (1984). In pursuing claims on behalf of a class, a Title VII plaintiff is held to the prerequisites of numerosity, commonality, typicality and adequacy of representation specified in Rule 23(a). *Falcon*, 467 U.S. at 156, 102 S.Ct. at 2369.

> [T]he legitimacy of a private Title VII suit brought on behalf of a class depends upon the satisfaction of two distinct prerequisites. First, there must be an individual plaintiff with a cognizable claim, ***that is, an individual who has constitutional standing to raise the claim (or claims) and who has satisfied the procedural requirements of Title VII.*** Second, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be fulfilled; in other words, the individual plaintiff must be qualified to represent the members of the class in accordance with the four prerequisites of Rule 23(a), and the action must be one of the three types Rule 23(b) identifies.

*Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir.1987) (footnotes and citations omitted) (emphasis added).

 Hence, the parties before this court dispute which, in any, of defendant's actions has rendered plaintiff "aggrieved." The *Griffin* Court explained

> Under elementary principles of standing, a plaintiff must allege and show that he personally suffered injury. *See Payne v. Travenol Laboratories, Inc.*, 565 F.2d 895, 898 (5th Cir.) ("To meet the requirement for standing under Article III, a plaintiff must establish

7

either that the asserted injury was in fact the consequence of the defendant's action or that the prospective relief will remove the harm.") (citation omitted), *cert. denied*, 439 U.S. 835, 99 S.Ct. 118, 58 L.Ed.2d 131 (1978); *Thurston v. Dekle*, 531 F.2d 1264, 1269 (5th Cir.1976) ("The threshold case-or-controversy inquiry is whether there existed a named plaintiff with standing to raise the issue before the court."), *vacated on other grounds*, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978). If he cannot show personal injury, then no article III case or controversy exists, and a federal court is powerless to hear his grievance. This individual injury requirement is not met by alleging "that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [he] purport[s] to represent." *Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975); *see also Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 202 (7th Cir.1983) ("Feelings of solidarity do not confer standing to sue."). Thus, a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, "even if the persons described in the class definition would have standing themselves to sue." *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981); *see also Vuyanich v. Republic Nat'l Bank*, 723 F.2d 1195, 1200 (5th Cir.), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 567, 83 L.Ed.2d 507 (1984). A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone-not for himself, and not for any other member of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).  Moreover, it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.

*Id.*, 823 F.2d at 1482-1483.

Plaintiff's individual injury arises solely from alleged discriminatory testing

practices, while the proposed class includes all women employees and applicants. The claim asserted on behalf of the class is that the Company engages in a general pattern and practice of discrimination against all women employees and applicants in all aspects of employment. It has not been made clear that there are common questions of law or fact; that plaintiff's claim is typical of the claims of the class; or that plaintiff will fairly and adequately protect the interests of the class.

> Other than the fact that all are women, plaintiff has not identified the required nexus between herself and the class. *See Morrison v. Booth*, 763 F.2d 1366, 1371 (11th Cir.1985) (bare allegations that plaintiffs satisfied Rule 23 insufficient; plaintiffs cannot "leap from the premise that they were the victims of discrimination to the position that others must also have been"). She has not demonstrated that maintenance of a class action is economical and that her individual EEOC charge is so intertwined with the claims of class members that their interests may be adequately protected and fairly determined in their absence. *Falcon*, 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13 (the requirements of commonality, typicality and adequacy of representation tend to merge); *Nelson v. United States Steel Corp.,* 709 F.2d 675, 679 (11th Cir.1983).

*Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1566 (11th Cir.1987).

The court has similar concerns here. The plaintiff does allege a proposed class which is presumably numerous. She asserts through loose allegations that various procedures in defendant's hiring practice are discriminatory and have the effect of resulting in both more male hires, and discouraging women from applying. Specifically, she states that her "challenge is to the system as a whole for effectively

barring women's entry into these positions at BP Amoco." Plaintiff's response, at 4. However, if the testing procedures are the basis for the disparity in women hired, as the plaintiff alleges, then only women who were not hired because of the testing procedures could possibly allege an injury from those procedures.[6]

Further problematic to plaintiff, taking the factual allegations of her complaint as true, she was not discouraged from applying for a job with defendant, nor barred from positions with defendant. She both applied for jobs with defendant, and was hired by defendant, more than once. Therefore "[s]he has not demonstrated that ... her individual EEOC charge is so intertwined with the claims of class members that their interests may be adequately protected and fairly determined in their absence." *Falcon*, 457 U.S. at 157 n.13, 102 S.Ct. at 2370 n.13; *Nelson v. United States Steel Corp.*, 709 F.2d 675, 679 (11th Cir.1983). The plaintiff therefore lacks standing to assert claims on behalf of females discouraged from applying with defendant, regardless of the reasons for non-application. *See e.g. Rhodes v. Cracker Barrel Old Country Store, Inc.*, 2002 WL 32058462, 47 (N.D.Ga.2002)("For example, no putative class

---

[6]Like the named plaintiff in *Griffin v. Dugger*, because the plaintiff here has met the "met the educational and testing requirements" and has "been hired for that position," she necessarily "lacked constitutional standing to assert a testing claim." *Id.*, 823 F.2d at 1483-1484. She asserts in her opposition that she "because the minimum qualifications prevent such a large number of women from progressing to the WorkKeys portion of the application process, Plaintiffs anticipate that there will not be sufficient numbers of women at that stage to separate that portion of the process for analysis." Plaintiff's opposition, at 9. However, the plaintiff here did progress to the WorkKeys portion of the application process. Therefore, she sustained no injury prior to that stage in the process.

representative was deterred from applying for employment at Cracker Barrel. Therefore, no putative class representative can represent anyone who allegedly was so deterred.").

As to the remainder of the plaintiff's proposed class, those females who applied for positions with the defendant but were not hired because they could not pass required testing, the court finds the plaintiff's standing is again limited to those females who did not pass the Work Keys test post-2009. Although the defendant may in fact have other employment hurdles which have a disparate impact on females in general, the plaintiff has not been subjected to those impacts, and therefore lacks standing to pursue claims based on the same.[7]

The plaintiff disputes such an analysis, asserting that the various stages of the application process must be viewed as a whole because they are not capable of separation for analysis. Plaintiff's opposition, at 7-8. The court disagrees. The plaintiff specifically alleges in her complaint that it is the unnecessary testing, and specifically the Applied Technology portion of the WorkKeys test, which "has the effect of lowering the pass rate of female candidates in comparison with males;" that "because she failed to pass the WorkKeys test, Defendant refused to re-hire her as an

---

[7] For instance, the plaintiff alleges a woman passed the Work Keys test but not the interview process. Clearly, that individual was not injured by testing on subjects irrelevant to the position at issue. The plaintiff here does not allege an injury from the interview process and cannot represent a class of individuals who were so injured.

employee with benefits;" that the defendant no longer uses this test; that the defendant instituted a new test, which does not include certain areas of the "Applied Technology" section of the WorkKeys test, including the components on electrical knowledge; that "the content of the new test corresponds more closely with the actual duties for a Chemical Technician; and that the plaintiff "passed the new test on her first try... [and] has been awarded an interview...."[8]  Complaint, ¶¶ 25-31.

The plaintiff asserts in her response that this interpretation is entirely too narrow, citing to *Phillips v. Joint Legislative Comm.*, et al., 637 F.2d 1014 (5th Cir.1981).  In that case, the court held a sufficient nexus for standing existed between the plaintiff, who was an applicant for a position, and individuals who never applied. *Id*., at 1024.  The court held that if plaintiff sought to represent solely a class of deterred persons, the plaintiff would lack standing, "in the same sense that a high school graduate lacks standing to bring a class action challenging a high school requirement." *Id*. (citations omitted).  Such an "across the board" approach, as was adopted in *Phillips*, was widely used by courts until "[t]he Supreme Court repudiated that liberal reading of the class action, and the reasoning underlying it, in *General*

---

[8]The plaintiff also alleges that because applicants were required to have "an aptitude for operational and mechanical problem solving and experience in the chemical processing industry and the outdoor industrial environment and by using the 'WorkKeys' test, the defendant engages in a pattern and practice of discriminating against women." Complaint, ¶ 35.  The court is unclear on whether plaintiff is asserting women are incapable of "operational and mechanical problem solving," that they generally lack "experience in the chemical processing industry," or that men naturally have more of an aptitude in these areas.

*Tel.Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)." *Griffin v. Dugger*, 823 F.2d at 1485.

As such, the plaintiff's claims are necessarily limited as set forth above, and she has standing only to represent a class of women similarly injured during the relevant time period, that being from November 2010 until the date the WorkKeys test was eliminated as a requirement for hiring.

### B. *Facilities Involved*

The defendant asserts that the WorkKeys test is only used at its Decatur facility. The plaintiff responds that the "employment practices at issue in this complaint are not unique or limited to one plant..." Plaintiff's opposition, at 15. The plaintiff's complaint alleges that the "defendant's hiring procedures are determined at the corporate level of the defendant's operations, and do not vary significantly form one facility or geographical location to another. As the court has determined not to convert the pending motion into one for summary judgment, and finds nothing before it at this time concerning the use of this testing at locations other than the Decatur, Alabama, the court finds this portion of the defendant's motion to dismiss to be premature. The court shall therefore deny the motion on these grounds, without prejudice to the defendant's right to again raise this contention after discovery.

### C. *Injunctive Relief*

The defendant asserts that as the plaintiff has been recommended for hire by defendant, she has no threat of future injury and therefore cannot prevail on her claim for injunctive relief. Defendant's brief, at 14-15. The plaintiff responds that the plaintiff seeks an injunction to "discontinue Defendant's ongoing discrimination against female applications and to place or restore them to the positions they would be occupying but for Defendant's discriminatory practices..." Plaintiff's opposition, at 17. As the court finds the plaintiff alleges that the WorkKeys test has been discontinued, and the court has limited the plaintiff's claims to women who failed this portion of the application process during the relevant time period, there is no basis for injunctive relief left. Additionally, the plaintiff seeks to have female applicants be "place[d] or restore[d] ... to the positions they would be occupying but for Defendant's discriminatory practices." Plaintiff's response, at 17, citing Complaint. These are claims for compensatory damages complete with back pay and lost benefits. They are not claims for injunctive relief. Hence, this portion of the defendant's motion to dismiss shall be granted by separate order.

### D. Section 1981a

The defendant seeks to have the plaintiff's claims under 42 U.S.C. § 1981a dismissed on the basis that section does not provide relief for disparate impact claims. Defendant's brief, at 8. The plaintiff responds that she brings claims both for

14

disparate impact and disparate treatment. Plaintiff's opposition, at 18. The plaintiff further asserts that her EEOC Charge alleges intentional discrimination, citing to her claim that "BP knows this test prevents females from getting hired, and that is why they use it." Plaintiff's opposition at 18, n. 7. In its reply, defendant asserts that if, in fact, the plaintiff's complaint states a claim for disparate treatment, the same is insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* requires that, while complaint need not contain "detailed factual allegations," it does have to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009). The court finds that the plaintiff's complaint does set forth enough detail to include a claim for intentional discrimination.

The defendant asserts the plaintiff fails to set forth basics of an intentional discrimination claim such as an allegation that any comparator was treated more favorably. However, the court finds the complaint does have enough facts to find that the plaintiff alleges the defendant used testing which discriminated against women but not men. The defendant's motion to dismiss the plaintiff's claim under § 1981a shall be denied by separate Order.

## Conclusion

In consideration of the foregoing, the court shall grant the defendant's motion to dismiss on the plaintiff's class claims beyond those applicants who failed to pass the WorkKeys test, grant said motion as to the claims for injunctive relief, and shall deny the defendant's motion to dismiss on the remaining grounds.

**DONE** and **ORDERED** this the 3rd day of April, 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE